IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of Petitioner BURCHELL ENTERPRISES, INC. as Owners of F/V MARIAN ANN for Exoneration from and/or Limitation of Liability | No. 04-5193 SBA<br><br>**ORDER** |

This matter comes before the Court on Petitioner Burchell Enterprises, Inc.'s ("Petitioner" or "Burchell") Request for Entry of Default against all non-appearing claimants. Having read and considered the arguments presented by the parties in their papers, the Court finds this matter appropriate for disposition without a hearing. The Court HEREBY GRANTS Petitioner's Request.

**BACKGROUND**

On September 22, 2004, the F/V MARIAN ANN, a commercial fishing vessel owned by Petitioner Burchell, vanished off the coast of California. Neither her wreck nor her crew, consisting of William Burchell, John Mogg, and Mauricio Alvarado, have been found.

On December 13, 2004, Petitioner Burchell filed an Amended Complaint for exoneration from and/or limitation of liability pursuant to 46 U.S.C. § 183 and Rule F of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims ("Admiralty Rules"). By Order of this Court, entered on December 13, 2004, the Court set January 12, 2005 as the deadline for the filing of claims and answers in the limitation proceeding. The Court also directed the Clerk of Court to provide notice to all claimants of the January 12, 2005 deadline in accordance with Rule F(4) of the Admiralty Rules. In cases involving death, Rule F(4) requires that the notice be: (1) mailed to all decedents' last known addresses; and (2) published once a week for four consecutive weeks prior to the deadline date.

On December 22, 2004, Petitioner's counsel mailed the court-approved "Notice to Claimants of Filing of Limitation Proceeding" ("Notice") and all other related court documents to decedents at their last known addresses. (Lovell Decl. at ¶ 2, Exs. A-C.) The decedents and known claimants are William Burchell, John Mogg, and Mauricio Alvarado. (*Id.*) From December 6, 2004 to January 5, 2005,

Petitioner caused the Notice to be published in *The Recorder* in San Francisco, California at least four times. (Lovell Decl. at Ex. D.)

On January 13, 2005, Teena Alvarado and Jennifer Mog appeared by filing claims and answers. As of the date of this Order, no claimants on behalf of William Burchell have filed an answer or a claim. Moreover, no other claimant has filed a claim or answer.

Petitioner now requests that this Court enter default pursuant to Federal Rule of Civil Procedure 55(a) against all non-appearing claimants.

## LEGAL STANDARD

"Entry of default is the essential first step to obtaining a default judgment for failure to respond." William W. Schwarzer, A. Wallace Tashima, James M. Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 6:36, at 6-7 (2003). Under Federal Rule of Civil Procedure 55(a), default shall be entered "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). If a claimant fails to respond as required, it is not entitled to any further notice before default is entered. *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 512 (9th Cir. 1986). Normally, the clerk of the Court will enter default without any action being taken by a court. *See, e.g.*, Fed. R. Civ. P. 55(a) ("[T]he clerk shall enter the party's default.") (emphasis added). However, a default may also be entered by a court. *See, e.g., Breuer Elec. Mfg. v. Toronado Sys. of America*, 687 F.2d 182, 185 (7th Cir. 1982).

## DISCUSSION

In the instant case, Petitioner has satisfied the procedural requirements for entry of default against all non-appearing claimants pursuant to Federal Rule of Civil Procedure 55(a). Specifically, Petitioner's counsel has submitted a declaration and corresponding proof of his compliance with the service and notice requirements of Rule F(4) of the Admiralty Rules. Additionally, the Clerk of the Court issued notice on December 13, 2004, instructing all claimants to file their claims and serve Petitioner's attorney with the same on or before January 12, 2005. Thereafter, Petitioner mailed a copy of the notice to all decedents' last known addresses and caused the notice to be published four times in *The Recorder*. (Lovell Decl. at ¶¶ 2-3, Exs. A-D.)

2

The time allowed by the Court for responding, namely January 12, 2005, has expired.  The only claims and answers filed with the Court are those of Teena Alvarado and Jennifer Mogg.  Although Teena Alvarado and Jennifer Mogg filed their claims and answers on January 13, 2005, one day after the January 12, 2005 deadline that this Court set, no default will be entered against them.  The Court may properly decline to enter default against a claimant if that claimant has filed a response indicating its intent to defend the action.  *See, e.g., Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002).  Even a late-filed responsive pleading may prevent the entry of default.  *Id.*

However, all other potential claimants, including but not limited to any claimants for William Burchell, have failed to file a pleading or claim as permitted by law.  Consequently, the Court GRANTS Petitioner's Request for Entry of Default against all non-appearing claimants.

## CONCLUSION

The Court GRANTS Petitioner's Request for Entry of Default against all non-appearing claimants pursuant to Federal Rule of Civil Procedure 55(a).  The Court DIRECTS the clerk of the Court to enter default against "all non-appearing claimants, including but not limited to any claimants for William Burchell." The Clerks's entry of default shall also specifically state that "default shall not be entered against Teena Alvarado and Jennifer Mogg," as both appeared in this action on January 13, 2005.

IT IS SO ORDERED.

Dated: 5-16-05

/s/ Saundra Brown Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge